UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| STATE OF VERMONT,<br><br>     Plaintiff,<br><br>  v.<br><br>EXXON MOBIL CORPORATION, EXXONMOBIL OIL CORPORATION, ROYAL DUTCH SHELL PLC, SHELL OIL COMPANY, SHELL OIL PRODUCTS COMPANY LLC, MOTIVA ENTERPRISES LLC, SUNOCO LP, SUNOCO LLC, ETC SUNOCO HOLDINGS LLC, ENERGY TRANSFER (R&M) LLC, ENERGY TRANSFER LP, and CITGO PETROLEUM CORPORATION,<br><br>     Defendants. | Case No. 2:21-cv-260-wks |

**DEFENDANTS' NOTICE REGARDING THE SECOND CIRCUIT'S DECISION IN
STATE OF CONNECTICUT v. EXXON MOBIL CORPORATION**

Defendants write to respond to Plaintiff's October 5, 2023, Notice (Dkt. 75) of the Second Circuit's decision in *Connecticut* v. *Exxon Mobil Corp.*, No. 21-1446 (attached as Exhibit A), affirming the district court's order granting the State's motion to remand.[1]

The Second Circuit concluded that the State had not pleaded a federal question on the face of the complaint and that federal jurisdiction did not lie under any of the exceptions to the well-pleaded complaint rule. *See* Ex. A at 13, 27-49. On the record before it, the Circuit declined to reach the question of whether an action arising under federal common law, but nominally pleaded under state law, can "convert state claims into federal claims in the same manner as complete

---

[1] By filing this notice, Defendants do not waive any right, defense, affirmative defense, or objection, including any challenges to personal jurisdiction over Defendants.

1

preemption under federal statutes," determining that the issue was not squarely before the court. *Id.* at 27–28 & n.4.  The court also concluded from the presentation in *Connecticut* that there was no federal jurisdiction under the other grounds asserted—namely, that the State's claims necessarily raise questions of federal common law and are thus removable under *Grable & Sons Metal Products, Inc.* v. *Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), and that the claims are removable under the Outer Continental Shelf Lands Act and the federal officer removal statute.[2]

In *Connecticut*, the Second Circuit found that ExxonMobil had "conceded" that "its invocation of federal common law . . . is not an argument for complete preemption"; here, there has been no such concession,[3] and so "this case . . . squarely present[s] the question" whether "federal common law *can* have complete preemptive effect."  Ex. A at 27 n.4.  In addition, as Defendants explained in moving to stay this case pending the Circuit's decision in *Connecticut*, "Defendants have provided additional legal arguments and factual support for removal in this case that are not presented in *Connecticut*."  Defs.' Mot. To Stay, Dkt. 19 at 8.  At the very least, the

---

[2] Defendants in this case have submitted allegations and evidence in support of federal officer removal under 28 U.S.C. § 1442(a) that the *Connecticut* court did not have before it, including evidence showing "the degree of 'supervision' or 'control' that the federal government exerts over [Defendants'] production of [highly-specialized] fuels" for the U.S. military.  Ex. A at 42.  *See, e.g.*, Notice of Removal, Dkt. 1 at ¶¶ 111-33, 138-59.  Defendants acknowledge that the Circuit applied a causal-connection test in *Connecticut*, Ex. A at 42-45 & n.7, and maintain for purposes of potential further review that, "[b]y the Removal Clarification Act [of 2011], Congress broadened federal officer removal to actions, not just *causally* connected, but alternatively *connected* or *associated*, with acts under color of federal office."  *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 292 (5th Cir. 2020) (en banc); *see* Defs.' Opp. to Pl.'s Mot. to Remand, Dkt. 51 at 34–36.

[3] In *Connecticut*, the Second Circuit drew "the distinction between complete (jurisdictional) preemption and ordinary (defensive) preemption," Ex. A at 27 n.4, and Defendants in this case made clear that their argument "does not implicate ordinary preemption principles" and does "not assert[ ] a preemption defense as the basis for federal jurisdiction."  Defs' Opp. to Pl's Mot. to Remand, Dkt. 51 at 11.

Second Circuit's decision is not dispositive of Plaintiff's Motion to Remand because Defendants have raised several additional grounds for removal jurisdiction asserted here, but not in *Connecticut*. Those additional grounds are: (i) the complaint raises federal issues, including federal environmental standards explicitly raised in the Complaint, that are substantial and actually disputed, warranting the exercise of federal jurisdiction under *Grable*, Defs.' Opp. to Pl.'s Mot. to Remand, Dkt. 51 at 26–29; (ii) diversity jurisdiction exists because the real parties in interest, Vermont consumers, have diverse citizenship, *id.* at 44–48; and (iii) the action arises out of federal enclaves, *id.* at 41–44.

Defendants respectfully submit that the Court should deny Plaintiff's Motion to Remand without prejudice, and grant leave to refile in light of the Second Circuit's decision, to allow the parties to appropriately narrow and clarify the scope of the issues before the Court. *See* Defs.' Mot. To Stay, Dkt. 19 at 11 (explaining remand briefing "would need to be revised once the Second Circuit issues its decision in *Connecticut*"). In a recent decision issued by Judge Valerie Caproni in a similar case brought by the City of New York, the court lifted the stay of proceedings that had been in effect given the Second Circuit's then-pending decision and denied the City's Motion to Remand without prejudice and with leave to refile. *City of New York* v. *Exxon Mobil Corp.*, No. 21-cv-4807 (S.D.N.Y. Oct. 4, 2023) (Dkt. 63) (attached as Exhibit B). Judge Caproni ordered that the City "may resubmit its motion for remand, in light of the Second Circuit's decision . . . not later than Friday, October 20, 2023." *Id.* at 1. The court further ordered that defendants must respond by November 14, 2023, and that the City's reply brief must be filed not later than December 8, 2023. *Id*. at 1–2. Defendants believe a similar approach is appropriate here, and are amenable to meeting and conferring with Plaintiffs to establish agreement on the arguments for

3

removal that are, and are not, controlled by the Second Circuit's decision in *Connecticut*, therefore limiting the briefing before this Court to the remaining open issues.

DATED:  October 10, 2023   Respectfully Submitted,


/s/     *Ritchie E. Berger*
Ritchie E. Berger

Ritchie E. Berger
**DINSE P.C.**
209 Battery Street, P.O. Box 988
Burlington, VT 05401
Tel.:  (802) 864-5751
Fax:  (802) 862-6409
Email:  rberger@dinse.com

Theodore V. Wells, Jr. (*pro hac vice*)
Daniel J. Toal (*pro hac vice*)
**PAUL, WEISS, RIFKIND,**
  **WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3089
Fax: (212) 492-0089
Email: twells@paulweiss.com
Email: dtoal@paulweiss.com

*Counsel for Defendants Exxon Mobil Corp. & ExxonMobil Oil Corp.*

/s/     *Matthew B. Byrne*
Matthew B. Byrne

Matthew B. Byrne
**GRAVEL & SHEA**
76 St. Paul Street, 7th Floor
Burlington, VT 05401
Tel.:  (802) 658-0220
Fax:  (802) 658-1456
Email:  mbyrne@gravelshea.com

David C. Frederick (*pro hac vice*)
James M. Webster, III (*pro hac vice*)
Daniel S. Severson (*pro hac vice*)
Grace W. Knofczynski (*pro hac vice*)
**KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 326-7900
Fax: (202) 326-7999
Email: dfrederick@kellogghansen.com
Email: jwebster@kellogghansen.com
Email: dseverson@kellogghansen.com
Email: gknofczynski@kellogghansen.com

*Counsel for Defendants Shell plc (f/k/a Royal Dutch Shell plc), Shell USA, Inc. (f/k/a Shell Oil Company), and Shell Oil Products Company LLC*

/s/     *Matthew B. Byrne*
Matthew B. Byrne

Matthew B. Byrne
**GRAVEL & SHEA**
76 St. Paul Street, 7th Floor
Burlington, VT 05401
Tel.:  (802) 658-0220
Fax:  (802) 658-1456
Email:  mbyrne@gravelshea.com

Tracie J. Renfroe (*pro hac vice*)
**KING & SPALDING LLP**
1100 Louisiana Street, Suite 4100
Houston, TX 77002
Tel.: (713) 751-3214
Fax: (713) 751-3290
Email: trenfroe@kslaw.com

Oliver Thoma (pro hac vice)
**WEST, WEBB, ALLBRITTON & GENTRY**
1515 Emerald Plaza
College Station, Texas 77845
Tel: (979) 694-7000
Fax: (979) 694-8000
Email: oliver.thoma@westwebblaw.com

*Counsel for Defendant Motiva Enterprises LLC*

/s/     *Timothy C. Doherty, Jr.*
Timothy C. Doherty, Jr.

Timothy C. Doherty, Jr.
Walter E. Judge
**DOWNS RACHLIN MARTIN PLLC**
Courthouse Plaza
199 Main Street
Burlington, VT 05401
Tel.: (802) 863-2375
Fax: (802) 862-7512
Email: tdoherty@drm.com
Email: wjudge@drm.com

J. Scott Janoe (*pro hac vice*)
**BAKER BOTTS LLP**
910 Louisiana Street
Houston, TX 77002
Tel.: (713) 229-1553
Fax: (713) 229-7953
Email: scott.janoe@bakerbotts.com

Megan H. Berge (*pro hac vice*)
Sterling A. Marchand (*pro hac vice*)
**BAKER BOTTS LLP**
700 K Street N.W.,
Washington, D.C. 20001
Tel.: (202) 639-7700
Fax: (202) 639-7890
Email: megan.berge@bakerbotts.com
Email: sterling.marchand@bakerbotts.com

*Counsel for Defendants Sunoco LP, Sunoco, LLC, ETC Sunoco Holdings LLC, Energy Transfer (R&M), LLC, Energy Transfer LP*

/s/     *Pietro J. Lynn*
Pietro J. Lynn

Pietro J. Lynn
**LYNN, LYNN, BLACKMAN & MANITSKY, P.C.**
76 St. Paul Street, Suite 400
Burlington, VT 05401
Tel.:  (802) 860-1500
Fax:  (802) 860-1580
Email:  plynn@lynnlawvt.com

Nathan P. Eimer (*pro hac vice*)
Lisa S. Meyer (*pro hac vice*)
**EIMER STAHL LLP**
224 South Michigan Avenue, Suite 1100
Chicago, IL 60604
Tel.: (312) 660-7600
Fax: (312) 692-1718
Email: neimer@eimerstahl.com
Email: lmeyer@eimerstahl.com

Robert E. Dunn (*pro hac vice*)
**EIMER STAHL LLP**
99 S. Almaden Boulevard, Suite 600
San Jose, CA 95113
Tel.: (408) 889-1690
Fax: (312) 692-1718
Email: rdunn@eimerstahl.com

*Counsel for Defendant*
*CITGO Petroleum Corp.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 10, 2023, I caused the foregoing Defendants' Notice Regarding the Second Circuit's Decision in State of Connecticut v. Exxon Mobil Corporation to be electronically filed using the Court's CM/ECF system, and service was effected electronically to all counsel of record.

*/s/ Ritchie E. Berger*
Ritchie E. Berger

**DINSE P.C.**
209 Battery Street, P.O. Box 988
Burlington, VT 05401
Tel.:  (802) 864-5751
Fax:  (802) 862-6409
Email:  rberger@dinse.com